IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Lawrence Terry, | ) | C/A No. 3:25-13235-JFA-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | **AND** |
| Extra Space Storage, Inc.; Extra Space | ) | **REPORT AND RECOMMENDATION** |
| Management, Inc.; ES Operating Partnership, | ) | |
| L.P.; Jeffrey "Jeff" Lakevicius, *District* | ) | |
| *Manager*; Rick Miller, *Store Manager*; | ) | |
| John/Jane Does 1-10, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Lawrence Terry, proceeding *pro se*, alleges violations of his civil rights. After the court recommended summary dismissal of this matter for Plaintiff's failure to prosecute, Plaintiff filed several motions and documents. The case was recommitted to the assigned magistrate judge and is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for initial review pursuant to 28 U.S.C. § 1915. Having reviewed the Amended Complaint in accordance with applicable law, the court recommends that this action be summarily dismissed without prejudice and without issuance and service of process.

I.      **Factual and Procedural Background**

Plaintiff indicates that he entered into an agreement with Extra Space Storage on April 8, 2022, for the rental of three storage units. He states that he informed the defendants that he suffered from a traumatic brain injury that impacts his memory and "processing of complex information" and requested several accommodations. (ECF No. 30-3 at 4.) Plaintiff claims that the defendants initially agreed to these accommodations but then failed to follow through, causing him to miss payments. He asserts that he demanded arbitration in April 2025 but that the defendants ignored

Page 1 of 9

his demand and auctioned the units in May 2025.[1]  Plaintiff claims to have lost over $100,000 of property.  He expressly brings the following causes of action:  (1) discrimination and retaliation in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12182; (2) breach of contract; (3) breach of arbitration agreement; (4) breach of covenant of good faith; (5) fraud and misrepresentation; (6) conversion; (7) negligent supervision; and (8) violation of "South Carolina Self-Service Storage Facility Act."  (ECF No. 30-3 at 9.)  He seeks monetary damages and unspecified injunctive and declaratory relief.

## II.    Discussion

### A.    Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint.  The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit.  This statute allows a district court to dismiss the case upon a finding that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

To state a claim upon which relief can be granted, the plaintiff must do more than make mere conclusory statements.  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face.  Iqbal, 556 U.S. at 678; Twombly,

---

[1] Plaintiff indicates that one of the units has not yet been emptied because it is "tied up in legal matters."  (ECF No. 30-5 at 6.)

550 U.S. at 570.  The reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions.  Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 555.

This court is required to liberally construe *pro se* complaints, which are held to a less stringent standard than those drafted by attorneys.  Erickson v. Pardus, 551 U.S. 89, 94 (2007); King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016).  Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court.  See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

B.      Analysis

1.      ADA Claims

Plaintiff alleges that the defendants violated the ADA by failing to provide reasonable communication accommodations and escalating "enforcement actions" after Plaintiff requested accommodations and demanded arbitration.  (ECF No. 30-3 at 8.)  He alleges that these actions constituted discrimination and retaliation.

Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation."  42 U.S.C. § 12182(a). "To prevail under Title III of the ADA, a plaintiff must show that:  (1) he is disabled within the meaning of the ADA; (2) the defendant owns, leases, or operates a place of public accommodation; and (3) the defendant discriminated against him because of his disability."  J.D. by Doherty v.

Colonial Williamsburg Found., 925 F.3d 663, 669-70 (4th Cir. 2019).[2]  The ADA defines discrimination as

> a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, [etc.].

42 U.S.C. § 12182(b)(2)(A)(ii).

Here, Plaintiff alleges that he requested written balance explanations, clear payment deadlines, and telephone reminders regarding payments.  (ECF No. 30-3 at 4.)  He claims that Defendant Miller communicated with him both by phone and email to discuss his balances and that the emails sometimes reflected different balances on his accounts.  Plaintiff states that the "pattern of changing balances" created confusion for him.  (Id. at 5.)  Plaintiff also alleges that one of his payments was considered late because of an "internal processing delay," which was communicated to him over email, and that the defendants failed to properly apply several of his payments.  (Id. at 5-6.)  Even assuming that Plaintiff is a qualified individual under the ADA and his requested accommodations were reasonable, Plaintiff's fails to allege facts that plausibly show that the defendants did not provide him with those accommodations.  Plaintiff therefore fails to adequately allege that the defendants discriminated against him.

"In order to establish a prima facie case of retaliation, a plaintiff must allege (1) that [he] has engaged in conduct protected by the ADA; (2) that [he] suffered an adverse action subsequent to engaging in the protected conduct; and (3) that there was a causal link between the protected

---

[2] Notably, "Title III of the ADA . . . provides a private right of action for injunctive relief but no right of action for monetary relief."  Thomas v. The Salvation Army S. Territory, 841 F.3d 632, 638 (4th Cir. 2016); 42 U.S.C. § 12188.  Plaintiff's demand for monetary damages associated with this claim are therefore subject to summary dismissal.

activity and the adverse action." Freilich v. Upper Chesapeake Health, Inc., 313 F.3d 205, 216 (4th Cir. 2002).

Plaintiff alleges that the defendants "escalated enforcement actions" after he requested accommodations and demanded arbitration. (ECF No. 30-3 at 8.) However, Plaintiff's allegations reveal that he was struggling to make payments for several months prior to his arbitration demand and the subsequent auction of his units. Thus, the facts alleged in the Complaint show that the alleged adverse action—the auction of Plaintiff's storage units—was the result of his failure to make payments rather than in retaliation for Plaintiff's request for accommodations.

For these reasons, the facts as stated in Plaintiff's Amended Complaint fail to support or forecast a plausible claim under the ADA.[3]

### 2.    State Law Claims

Because the court recommends summary dismissal of Plaintiff's federal cause of action, it recommends dismissal of his state law causes of action pursuant to 28 U.S.C. § 1367(c). It is clear from the face of the Amended Complaint that the parties to this action are not diverse and that the court does not independently have jurisdiction under 28 U.S.C. § 1332(a). See Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 372-74 nn. 13-16 (1978).

### 3.    Plaintiff's Motions

Also before the court are Plaintiff's motion for reconsideration of the Report and Recommendation (ECF No. 18), motion for written explanation regarding denial of ADA accommodations (ECF No. 20), motion to appoint counsel (ECF No. 24), "Supplemental Emergency Motion for Temporary Restraining Order and Preliminary Injunctive Relief" (ECF No. 25), motion to supplement (ECF No. 26), and motion for ADA accommodations (ECF No. 31).

---

[3] Nor does it appear that this deficiency can be cured by amendment.

As the court is now issuing a new Report and Recommendation on Plaintiff's Amended Complaint, Plaintiff's motion for reconsideration of the previous Report and Recommendation is denied as moot.

Plaintiff's motion for written explanation regarding denial of ADA accommodation requests, "Supplemental Emergency Motion for Temporary Restraining Order and Preliminary Injunctive Relief," and motion for ADA accommodations all request the same relief—the grant of reasonable accommodations by the court regarding this litigation.  Specifically, Plaintiff requests electronic filing access, email notification of filings, reasonable deadline modifications, the ability to participate remotely in hearings, and the appointment of counsel.  A federal court does not fall within the definition of a "public entity" under the ADA; the ADA therefore does not apply to federal courts.  See United States v. Wishart, 146 F. App'x 171, 173 (9th Cir. 2005) ("By definition, the ADA does not apply to the federal government."); Anders v. South Carolina, C/A No. 2:24-6311-BHH-MGB, 2025 WL 1169191, at *4 (D.S.C. Mar. 31, 2025) (dismissing ADA claim against the federal court because "a federal court does not fall within the definition of a public entity under the ADA").  However, to the extent Plaintiff requires extensions of time, the court will consider any properly filed motion.

Plaintiff moves for the appointment of counsel, arguing that his disabilities impair his ability to litigate this action and this case involves complex federal law.  (ECF No. 24.)  Generally, there is no constitutional right to appointed counsel in civil actions, such as ADA cases.  See, e.g., Mallard v. United States District Court, 490 U.S. 296, 302 (1989); Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975); Young v. K-Mart Corp., 911 F. Supp. 210, 211 (E.D. Va. 1996); Jason v. Baptist Hosp., 872 F. Supp. 1575 (E.D. Tex. 1994).  Whether to grant a litigant's request for

appointment of counsel is within the discretion of the district courts.  See Ferrelli v. River Manor Health Care Ctr., 323 F.3d 196 (2d Cir. 2003); Young, 911 F. Supp. at 211.

Some actions, such as those brought under the ADA, carry a statutory discretionary authority for a litigant to request appointment of counsel "in such circumstances as the court may deem just."  42 U.S.C. § 2000e-5(f)(1); see also 42 U.S.C. § 12117(a) (ADA) (applying by reference the powers, remedies, and procedures in § 2000e-5).  However, the circumstances under which an ADA litigant is entitled to an appointed counsel are limited.  See 42 U.S.C. § 2000e-5(f)(1) ("Upon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney for such complainant."); Jason, 872 F. Supp. at 1579.  Section 1915(e)(1) provides courts discretion to "request an attorney to represent any person unable to afford counsel."  However, a plaintiff must present "exceptional circumstances."  Miller v. Simmons, 925 F.2d 962, 966 (4th Cir. 1987) (citing Cook v. Bounds, 518 F.2d 779 (4th Cir. 1975)).

Having found that this case is subject to summary dismissal for reasons that could not be cured through more artful pleading, the court denies Plaintiff's motion for the appointment of counsel.  Further, the court notes that, while Plaintiff repeatedly insists that his disabilities prevent him from actively litigating cases and meeting deadlines, Plaintiff has seven pending cases in this court, none of which have been dismissed for procedural reasons.  Accordingly, nothing indicates that Plaintiff's due process rights would be infringed by the denial of counsel.  Nor has Plaintiff shown the type of exceptional circumstances warranting the appointment of counsel.

Finally, Plaintiff's motion to supplement seeks to supplement his motion for the appointment of counsel and motion for ADA accommodations.  (ECF No. 26.)  The court has

reviewed Plaintiff's proposed supplemental material and finds that it does not alter the analysis of those motions. Plaintiff's motion to supplement is therefore denied.

## III.     Conclusion

Accordingly, the court **RECOMMENDS** that the Amended Complaint be summarily dismissed without prejudice and without issuance and service of process and that Plaintiff's motion for a temporary restraining order (ECF No. 25) be denied. It is

**ORDERED** that Plaintiff's motion for reconsideration (ECF No. 18), motion for written explanation regarding denial of ADA accommodations (ECF No. 20), motion to appoint counsel (ECF No. 24), motion to supplement (ECF No. 26), and motion for ADA accommodations (ECF No. 31) are denied.

March 19, 2026                    Paige J. Gossett
Columbia, South Carolina          UNITED STATES MAGISTRATE JUDGE

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).