IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Lawrence Terry,<br><br>               Plaintiff,<br>v.<br><br>Extra Space Storage, Inc.; Extra Space Management, Inc.; ES Operating Partnership, L.P.; Jeffrey "Jeff" Lakevicius, District Manager; Rick Miller, Store Manager; John/Jane Does 1-10,<br><br>               Defendants. | C/A No. 3:25-13235-JFA-PJG<br><br><br>**ORDER** |

## I.    INTRODUCTION

Plaintiff Lawrence Terry, proceeding pro se, filed this civil action alleging various state and federal claims against the Defendants. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for pretrial proceedings.

Plaintiff filed this complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). Accordingly, the Magistrate Judge reviewed Plaintiff's Amended Complaint and then prepared a thorough Report and Recommendation

1

("Report"). (ECF No. 33). Within the Report, the Magistrate Judge opines that this action is subject to summary dismissal. *Id.* The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

Plaintiff filed objections to the Report on April 8, 2026. (ECF No. 38). Thus, this matter is ripe for review.

## II.     STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).  A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005). Then, the court may accept, reject, or modify the Report or recommit the matter to the magistrate judge. 28 U.S.C. § 636(b).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6

(D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47) (emphasis added).

## III.    DISCUSSION

As stated above, the relevant facts and standards of law on this matter are incorporated from the Report and, therefore, a full recitation is unnecessary here. (ECF No. 33). Briefly, Plaintiff alleges that Defendants failed to offer reasonable ADA accommodation in relation to the renting of a storage unit.

In his response to the Report[1], Plaintiff filed "objections" which state: "Plaintiff does not presently attempt to fully address the merits of the Court's recommendations. Instead, Plaintiff respectfully informs the court that due to documented medical conditions and repeated denial of reasonable accommodations, he is presently unable to meaningfully understand or represent himself in these proceedings." (ECF No. 38, p. 1).

The court would note that Plaintiff has seven separate civil actions pending in this court—none of which have been dismissed for procedural reasons. As the Magistrate Judge noted, the court is not subject to the ADA. Therefore, Plaintiff's ADA accommodation requests are inapplicable. Additionally, the court has repeatedly informed Plaintiff that requests such as extensions of time would be considered by the court as needed. Accordingly, Plaintiff's complaints that this court has failed to properly accommodate his requests are unfounded.

The court would also note that, despite Plaintiff's assertions here, he has apparently had no difficulty in filing dozens of objections and motions in many of his other pending federal actions. (*See generally* civil actions 3:25-cv-13235; 3:25-cv-13233; 3:25-cv-13234; 3:25-cv-13485; 3:25-cv-13486; 3:25-cv-14059; 3:25-cv-14060). Plaintiff's "objections" do not challenge the Report or seek any extension but rather appear to be another request for this court to appoint counsel. As the Report previously held, "[h]aving found that this case is subject to summary dismissal for reasons that could not be cured through more

---

[1] This response was entitled "Plaintiff's combined Response and Objections to the Reports and Recommendations" and filed simultaneously in two separate actions. (ECF No. 38).

artful pleading, the court denies Plaintiff's motion for the appointment of counsel." (ECF No. 33, p. 7).

Plaintiff's objections admittedly fail to address any substance of the Report. Plaintiff's filing fails to offer any specific reference to the Report which would allow the undersigned to focus on any issue, either factual or legal, with which Plaintiff feels has been reached in error. "Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at \*1 (D.S.C. Mar. 2, 2007). Because Plaintiff has failed to offer any specific objections which would allow for a de novo review, the court is only required to review the Report for clear error and is not required to give an explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983). Consequently, this court has reviewed the Report and finds no error which would warrant any further action or correction.

Accordingly, this action is subject to summary dismissal. Therefore, Plaintiff's renewed request for the appointment of counsel is again denied for the same reasons expressed in the Report.

## IV.    CONCLUSION

After a thorough review of the Report, the applicable law, and the record of this case, the Court finds no clear error in the Report. After a *de novo* review of each part of the Report to which Plaintiff specifically objected, the Court hereby adopts the Report and Recommendation. (ECF No. 33). For the reasons discussed above and in the Report, the Amended Complaint is summarily dismissed without prejudice and without issuance and service of process and Plaintiff's motion for temporary restraining order (ECF No. 25) is

denied. Plaintiff's motion for appointment of counsel (ECF No. 37) is likewise denied. Any other pending motion is terminated as moot.

IT IS SO ORDERED.

April 13, 2026                                  Joseph F. Anderson, Jr.
Columbia, South Carolina                        United States District Judge

6